UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
SHANDU MARKS,                                           **COMPLAINT**

                                                        **24 cv 5091**

                                                        **ECF Case**

                         Plaintiff,

                  vs.

KYLE KELLY, JOHN DOES,                     **JURY TRIAL DEMANDED**
in their individual and official capacities,

                         Defendants.
--------------------------------------------------------------x

Plaintiff Shandu Marks, by his attorney, Cyrus Joubin, complaining of the Defendants,

respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.  This action arises from various civil rights violations against

Shandu Marks ("Plaintiff" or "Marks") by New York City police officers.  Plaintiff

asserts constitutional claims pursuant to 42 U.S.C. § 1983 ("Section 1983") against the

individual defendants for false arrest, malicious prosecution, denial of the right to a fair

trial, unlawful seizure, violation of procedural due process, and failure to intervene.

Plaintiff brings analogous claims under New York City law against the individual

defendants.  Plaintiff seeks compensatory and punitive damages, costs, disbursements,

and attorney's fees pursuant to applicable federal civil rights law.

## JURISDICTION

2.  This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and

the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.
Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (a)(3) and (a)(4),
this being an action seeking redress for the violation of Plaintiff's constitutional and civil
rights.

3.  Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28
U.S.C. § 1367, over any and all non-federal claims and causes of action which derive
from the same nucleus of operative facts and are part of the same case or controversy
which gives rise to the federally based claims and causes of action.

## VENUE

4.  Venue is proper in the United States District Court for the Eastern District of
New York pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in
this district.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury on each and every one of his
claims as pled herein, pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  The individually named defendants, Police Officers Kyle Kelly and John Does
(collectively, the "individual defendants"), are and were at all times relevant herein
officers, employees and agents of the New York City Police Department ("NYPD").

7.  On the date of the incident giving rise to this complaint, the individual
defendants were assigned, upon information and belief, to the NYPD 70th and 71st
Precincts.

8.     Each individual defendant is sued in his individual and official capacity.  At all times mentioned herein, each individual defendant acted under the color of state law, in the capacity of an officer, employee, and agent of the City of New York (the "City").

9.     The City is a municipality created and authorized under the laws of New York State.  It is authorized by law to maintain, direct, and to supervise the NYPD, which acts as its law enforcement agent and for which it is ultimately responsible.

## STATEMENT OF FACTS

10.     On September 5, 2022, around 10 p.m., Mr. Marks was riding his motorcycle with a female friend on the seat behind him, cruising along Eastern Parkway in Brooklyn with a group of other motorcycle riders and passengers.

11.     Mr. Marks drove in a safe and orderly manner.

12.     Suddenly, a group of on-duty NYPD officers – gathered from various Precincts in Brooklyn, including the 70th, 73rd, 79th, and 88th Precincts – ambushed the motorcycle drivers and passengers, knocking them off their vehicles, yelling at them, dragging them, and handcuffing some of them, including Mr. Marks.

13.     One of the officers who ambushed and handcuffed Mr. Marks was Defendant Kyle Kelly.

14.     Mr. Marks was transported to a precinct in Brooklyn, where his arresting officers – including Officer Daniston Swaby and PO Kyle Kelly – fabricated the story that Mr. Marks, driving recklessly, crashed into and damaged an NYPD vehicle, and the officers forwarded this fabricated story to the Kings County District Attorney's Office.

15.     The defendant officers also seized Mr. Marks' motorcycle.

16.     Instead of issuing Mr. Marks a Desk Appearance Ticket ("DAT"), as required by New York Criminal Procedure Law ("CPL") §150.20, the officers transported him to Central Booking in Downtown Brooklyn.

17.     Defendants' decision to deny Mr. Marks a DAT was based on the following NYPD checklist located in Mr. Marks' arrest paperwork, indicating "photographable offense" as the reason for denying Mr. Marks a DAT (even though "photographable offense" is not a reason to deny someone a DAT under CPL 150.20):

**REASONS DAT WAS DENIED**

| | |
|---|---|
| ☐ 1 OUTSTANDING WARRANT | ☐ 11 DESIGNATED RECIDIVIST PROGRAM (attach copy of FINEST warrant check) |
| ☐ 2 RESIDES OUT OF STATE | ☐ 12 DESIGNATED VEHICLE OFFENSES AS PER PATROL GUIDE AND INTERIM ORDER |
| ☐ 3 UNABLE TO VERIFY ADDRESS | |
| ☑ 4 PHOTOGRAPHABLE OFFENSE | ☐ 13 VIOLATION OF AN ORDER OF PROTECTION OR IMMEDIATE NEED TO SECURE ONE |
| ☐ 5 FAMILY OFFENSE | ☐ 14 HARASSMENT 1st OR MENACING 2nd, STALKING OFFENSES |
| ☐ 6 UNABLE TO VERIFY IDENTIFICATION | |
| ☐ 7 ARREST FOR CRIMINAL SALE OF MARIHUANA 4th or 5th DEGREE | ☐ 15 CHILD ABUSE, NEGLECT, MALTREATMENT |
| | ☐ 16 CRIMINAL TRESPASS 3rd (Commercial Premises) |
| ☐ 8 UNDER THE INFLUENCE OF DRUGS / MARIHUANA TO THE DEGREE THAT HE MAY ENDANGER HIMSELF OR OTHERS | ☐ 17 UNLAWFUL EVICTION |
| | ☐ 18 RESISTING ARREST |
| ☐ 9 ASSAULT 3rd, ATTEMPTED ASSAULT 3rd, MENACING, AGGRAVATED HARASSMENT, RECKLESS ENDANGERMENT 2nd DEGREE WHEN COMMITTED AGAINST A CITY/STATE ENFORCEMENT AGENT PERFORMING OFFICIAL DUTY | ☐ 19 OBSTRUCTING GOVERNMENTAL ADMINISTRATION 2nd (Not Uncooperative Actions) |
| | ☐ 20 INTERFERENCE WITH PROFESSIONAL SPORTING EVENT (A.C. 10-162) |
| ☐ 10 ARREST FOR INTOX / IMPAIRED DRIVING — VTL sec 1192 sub 1,2,3,4 | ☐ 21 OWES DNA |

18.     After being transported to Central Booking, Mr. Marks was detained in various holding cells until his Criminal Court arraignment on the evening of September 6, 2022, approximately twenty-four hours after his arrest.

19.     When Mr. Marks was finally arraigned, he was charged under Docket No. CR-025690-22KN with Reckless Endangerment in the second degree (under New York Penal Law §120.20), Criminal Mischief in the fourth degree (N.Y. Penal Law §145.00(1)), and Reckless Driving (N.Y. Vehicle and Traffic Law §1212), on the false and fabricated grounds that Plaintiff "ran a red light" and "crash[ed] into an unmarked NYPD vehicle."

20.     Mr. Marks' first name was also misspelled "Shanda."

21.     While Mr. Marks was released from Criminal Court after his arraignment, he was ordered to return to Criminal Court in the future due to the prosecution against him.

22.     On December 9, 2022, all criminal charges against Mr. Marks were dismissed and sealed.

23.     It was only after his prosecution was dismissed that Mr. Marks was able to obtain his unlawfully seized motorcycle.

**DELIBERATE ACTS UNDER COLOR OF STATE LAW**

24.     All of the aforementioned acts of the individual defendants, their agents, servants and employees, were carried out under the color of state law in the course and scope of their duties.

25.     All of the aforementioned acts deprived Plaintiff of the rights guaranteed to citizens of the United States by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26.     The individual defendants acted willfully, knowingly, and with the specific intent to deprive Plaintiff of his constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

**FAILURE TO TRAIN AND SUPERVISE**

27.     Upon information and belief, the individual defendants' aforementioned abuse of power was not an isolated event.  There were other instances of misconduct by the individual defendants that the City knew or should have known about.

28.     The NYPD failed to supervise and discipline the individual defendants despite their histories of malicious and mendacious behavior, ignoring the risk that they would engage in future misconduct, thereby encouraging them to continue to abuse their powers and violate the rights of civilians.

**DAMAGES**

29.     As a direct and proximate cause of the said acts of the Defendants, Plaintiff suffered the following injuries and damages:

a.   Violation of his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

b.   Loss of liberty;

c.   Emotional distress, degradation, and suffering.

<u>**SECTION 1983 CLAIMS**</u>

<u>**FIRST CLAIM**</u>

**False Arrest Under Section 1983**

30.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

31.     By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from false arrest.

32.     As detailed above, the individual defendants intentionally arrested and detained Plaintiff without probable cause, without a warrant, without privilege or consent.

33.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SECOND CLAIM

### Malicious Prosecution Under Section 1983

34.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

35.     By the actions described above, Defendants deprived Plaintiff of his Fourth Amendment right to be secure in his person against unreasonable searches and seizures, specifically his right to be free from malicious prosecution.

36.     As detailed above, the individual defendants intentionally and maliciously initiated a criminal prosecution against Marks without probable cause – a prosecution that terminated in Plaintiff's favor when all criminal charges against him were dismissed.

37.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages and injuries hereinbefore alleged.

## THIRD CLAIM

### Denial of the Right to a Fair Trial Under Section 1983

38.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

39.     By the actions described, the Defendants deprived Plaintiff of his Fourth, Fifth, and Fourteenth Amendment rights to a fair trial.

40.     The individual defendants deliberately forwarded fabricated information to the Kings County District Attorney's Office.

41.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FOURTH CLAIM

### Unlawful Seizure Under Section 1983

42.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

43.     By the actions described, the individual defendants deprived Plaintiff of his Fourth Amendment right to be free of unreasonable or unwarranted restraints on personal liberty, specifically his right to be free from unlawful seizures of his property – in this case, his motorcycle.

44.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## FIFTH CLAIM

### Procedural Due Process Under Section 1983

45.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

46.     By the actions described, the Defendants deprived Plaintiff of his Fourteenth Amendment right to due process of law.

47.     Rather than release Plaintiff with a DAT – as required by New York State law – the individual defendants, exercising arbitrary discretion rather than following a process consistent with the law, prolonged Plaintiff's detention by keeping him detained and transferring him to Central Booking to await arraignment.

48.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## SIXTH CLAIM

### Failure to Intervene Under Section 1983

49.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

50.     Each and every individual defendant had an affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights by other law enforcement officers.

51.     The individual defendants failed to intervene on Plaintiff's behalf to prevent, end, or truthfully report the violations of his constitutional rights despite knowing about such violations and having had a realistic opportunity to do so.

52.     As a direct and proximate result of the aforementioned conduct of the individual defendants, Plaintiff sustained the damages and injuries hereinbefore alleged.

## MUNICIPAL CLAIMS

## FIRST CLAIM

### Right of Security Against Unreasonable Search and Seizure and Excessive Force Under New York City Administrative Code

53.     Plaintiff realleges and reiterates all allegations set forth in the preceding paragraphs as if stated fully herein.

54.     As detailed above, the individual defendants intentionally violated Plaintiff's right to be secure against unreasonable searches and seizures, and against excessive force, in violation of New York City Administrative Code Title 8, Chapter 8:  The Right of Security Against Unreasonable Search and Seizure and Against Excessive Force

Regardless of Whether Such Force Is Used In Connection with a Search or Seizure.  § 8-803 Civil action for deprivation of rights.

55.     As a direct and proximate result, Plaintiff sustained the damages and injuries hereinbefore alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against the Defendants:

a.     An order awarding compensatory damages for Plaintiff Shandu Marks in an amount to be determined at trial;

b.     An order awarding punitive damages in an amount to be determined at trial;

c.     A court order, pursuant to 42 U.S.C. § 1988, that Plaintiff is entitled to reasonable attorney's fees, costs and disbursements; and

d.     Such other and further relief as this Court may deem appropriate.

DATED:     July 19, 2024
           New York, New York

_____
CYRUS JOUBIN, ESQ.
43 West 43rd Street, Suite 119
New York, NY 10036
(703) 851-2467
joubinlaw@gmail.com
Attorney for Shandu Marks